```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

```
CHERISE M. WILLIAMS,            *
                                *
     Plaintiff,                 *
                                *
v.                              *  Civil Action No.05-00191-CG-B
                                *
JO ANNE B. BARNHART,            *
Commissioner of                 *
Social Security,                *
                                *
     Defendant.                 *
```

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion and Memorandum for Entry of Judgment Pursuant to Sentence Four of 42 U.S.C. § 405(g) with Remand of the Cause to the Defendant. (Doc. 14). This Motion has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(3).

In its Motion, Defendant requests a judgment, with an order of reversal, with remand of the cause to the Commissioner of Social Security for further administrative proceedings. Specifically, Defendant states that on remand, the Appeals Council will vacate the December 2003 administrative decision and direct the Administrative Law Judge ("ALJ") to conduct a hearing in accordance with 20 C.F.R. § 416.1429, in which Plaintiff has the opportunity to testify. Additionally,

Defendant states that the ALJ will update the records from Plaintiff's treating medical sources and obtain a current orthopedic examination with x-rays and a medical source statement about what Plaintiff can do despite her impairment. Moreover, Defendant states that the ALJ will further evaluate Plaintiff's subjective complaints; obtain evidence from a medical expert, an orthopedist specialist, at the hearing; obtain supplemental evidence from a vocational expert, if needed; and address any specific limitations Plaintiff may have on using her upper extremities. Further, Defendant states that Plaintiff's counsel has been contacted and there is no objection to the motion to remand.

Upon consideration of the foregoing, and the language of sentence four of 42 U.S.C. § 405(g)[1] empowering this Court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the

---

[1] Although this Court's review of the denial of an application for supplemental security income falls under 42 U.S.C. § 1383(c)(3), remand is proper under 42 U.S.C. § 405(g) (which applies to disability insurance benefits as opposed to supplemental security income) because Section 1383(c)(3) provides that "[t]he final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."

cause for a rehearing," the undersigned recommends that Defendant's motion to remand be **GRANTED**, that the Court enter judgment reversing the decision of the Commissioner and remanding this cause to the Commissioner for action consistent with the Defendant's motion to remand.  42 U.S.C. § 405(g); Melkonyan v. Sullivan, 501 U.S. 89 (1991).  This remand, pursuant to sentence four of section 205(g) of the Social Security Act, makes Plaintiff a prevailing party for purposes of the Equal Access to Justice Act ("EAJA").  28 U.S.C. § 2412; Shalala v. Schaefer, 509 U.S. 292 (1993).

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this **20th** day of **October 2005.**

              /s/ SONJA F. BIVINS    
       **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.   **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(c); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

     A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Opposing party's response to the objection.</u>**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. F<small>ED</small>. R. C<small>IV</small>. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                            **/s/ SONJA F. BIVINS**
                                          **UNITED STATES MAGISTRATE JUDGE**